FILED

Peter J. Bezek, State Bar No. 102310
Roger N. Behle, Jr., State Bar No. 174755
Marisa D. Poulos, State Bar No. 197904
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile: (714) 546-5005
pbezek@foleybezek.com; rbehle@foleybezek.com

Attorneys for Plaintiff, B & B HARDWARE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B & B HARDWARE, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>HARGIS INDUSTRIES, INC., d/b/a Sealtite Building Fasteners, and d/b/a East Texas Fasteners, a Texas Corporation, EAST TEXAS FASTENERS, a business entity of form unknown and DOES 1 through 10, inclusive.<br><br>                    Defendants. | Case No.:<br>**CV 06 4871**<br>**COMPLAINT FOR:**<br><br>1. **Trademark Infringement**<br>2. **Unfair Competition Under United States Law**<br>3. **Trademark Dilution**<br>4. **Unfair Competition Under California Law**<br>5. **False Designation of Origin**<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff, B & B HARDWARE, INC., ("B&B"), by and though its undersigned attorneys, hereby demands a jury trial, for its Complaint against HARGIS INDUSTRIES, INC., d/b/a Sealtite Building Fasteners, and d/b/a East Texas Fasteners, a Texas corporation, EAST TEXAS FASTENERS, a business entity of form unknown, and DOES 1 through 10 (collectively "Defendants") alleges as follows:

DOCKETED ON CM

AUG 10 2006

BY

## JURISDICTION AND VENUE

1.     This action arises, in part, under the Federal Trademark Act of the United States, 15 U.S.C. Section 1051, et seq., (the "Lanham Act") and for related claims of unfair competition. This Court has subject matter jurisdiction over the non-federal claims asserted herein pursuant to 28 U.S.C. § 1367 ("supplemental jurisdiction") in that they are so related to the federal law claims in the action that they form a part of the same case or controversy under Article III of the United States Constitution.

2.     This Court also has original subject matter jurisdiction over this action, and the claims asserted herein, pursuant to 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction") in that this is a civil action between citizens of different States, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  On information and belief, as more specifically alleged below, for purposes of 28 U.S.C. §1332, HARGIS transacts business in the state of California, has caused tortuous injury by acts in California, and has caused tortuous injury in California by acts and omissions outside California.

3.     On information and belief, Defendants are subject to personal jurisdiction of this Court because they do transact business, or are otherwise found and have purposefully availed themselves of the privilege of doing business, in California and this District, including in Los Angeles County, by among other things, conducting their business in California and/or through the operation of Internet web sites, wrongfully using and infringing upon B&B's common law trademark, and committing unfair acts, in California and this District, including in Orange County and Los Angeles County, as herein alleged.

4.     Venue is properly laid in this Court pursuant to 28 U.S.C. Sections 1391 and 1400 (a) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

///

**PARTIES**

1

2      5.      Plaintiff B & B Hardware, Inc., ("B&B") is a corporation duly

3  organized and existing under the laws of the State of California, and maintains its

4  principal place of business at 5370 Hollister Avenue #2, Santa Barbara, California

5  93111-2399.

6      6.      Plaintiff B&B is informed and believes, and thereupon alleges, that

7  Defendant, Hargis Industries, Inc. ("Hargis") is a corporation duly organized and

8  existing under the laws of State of Texas, and maintains its principal place of

9  business at 6357 Reynolds Road, P.O. Box 4515, Tyler, Texas 75712.

10     7.      Plaintiff is informed and believes that Defendant, EAST TEXAS

11 FASTENERS (hereinafter "EAST TEXAS") is and was a business entity of form

12 unknown, doing business in and impacting upon this district.

13     8.      The Defendants designated herein as "Does 1 through 10" are

14 presently unknown to Plaintiff B&B.  The true names, identities and capacities,

15 and the respective relationship to the known Defendants, are presently unknown

16 to Plaintiff B&B, who therefore sues said Doe Defendants by such fictitious

17 names.   The Doe Defendants are believed to be individuals or entities that

18 infringe B&B's rights described in detail below, either as independent

19 contractors, suppliers, agents, servants or employees of the known Defendants, or

20 entered into a conspiracy and agreement with the known Defendants to perform

21 these acts, for financial gain and profit, in violation of plaintiff B&B's protected

22 rights.  Plaintiff B&B requests leave of Court to amend this complaint to set forth

23 the true names, identities and capacities of the Doe Defendants upon ascertaining

24 the same. The Doe Defendants and the known Defendants are referred to

25 hereinafter collectively as the Defendants.

26     9.      Plaintiff B&B is engaged in the business of designing, producing,

27 marketing, and selling a complete line of reusable fasteners under the trademark

28 Sealtight® ("Sealtight®"). The fasteners sold by B&B under the Sealtight® mark

meet the highest quality standards and are used in many varied applications. As set forth below, Larry Bogatz, co-founder of B&B, adopted and began using the Sealtight® mark as early as May 2, 1990. The complete line of reusable fastener products are sold and distributed throughout the world under the Sealtight® mark.

10.    Plaintiff B&B has expended and continues to expend substantial sums of money per year promoting and advertising the Sealtight® mark.

11.    As a result of Plaintiff B&B's long, continuous and exclusive use of the mark, and the extensive promotion and advertisement of its fastener products under this mark, the mark has gained wide public acceptance and association with Plaintiff B&B, both in this district and elsewhere, and has come to be widely and favorably recognized by the public as an indication of source in Plaintiff B&B.

12.    Plaintiff B&B is informed and believes, and thereon alleges, that Defendants have made and are currently making interstate commercial use of Plaintiff B&B's distinctive, valuable, and well-known Sealtight® mark and/or confusingly similar variations thereof (including, but no limited to, the phonetically equivalent "Sealtite" and "Sealtite.com"), on or in connection with fastener products.

13.    Plaintiff B&B has never granted to any of the Defendants, individually or collectively, any form of right in its lawfully registered trademarks, service marks, name or any other proprietary rights.

14.    The   aforementioned activities by the Defendants materially affect interstate commerce among the several states in that Defendants sell to and service interstate customers. Further, the activities of the Defendants materially affect interstate commerce in that Plaintiff B&B's goods and services are offered in interstate commerce.   Plaintiff B&B is informed and believes, and based thereon alleges that defendants are disseminating advertising materials in

1  interstate commerce that incorporate the phonetic equivalent of the "Sealtight®"
2  mark.

3  <center>GENERAL ALLEGATIONS</center>

4  15.    Larry Bogatz and his wife Diana Bogatz founded their company,
5  B&B Hardware in Los Angeles County, in February 1990. At the time of its
6  founding, B&B began using the trademark "Sealtight®" to represent B&B's
7  reusable fastener product line.  By the end of February, 1990, B&B was soliciting
8  by telephone orders for its Sealtight® product line.    In April 1990, B&B
9  commenced soliciting orders for its Sealtight® product line through faxes to
10  various potential customers.

11  16.    On or about, May 7, 1990, B&B filed an application to register the
12  "Sealtight®" mark with the U.S. Patent and Trademark Office ("PTO").    On
13  October 12, 1993, B&B received a trademark registration for the Sealtight® mark
14  from the PTO. In granting the registration, the PTO determined that the
15  Sealtight® mark was distinctive. Accordingly, the Sealtight® mark was
16  registered on the Principal Register as Registration No. 1,797,509. The
17  registration provides B&B with the exclusive statutory right to use the Sealtight®
18  mark throughout the United States on or in connection with goods and services
19  including threaded or unthreaded metal fasteners and other related hardware;
20  namely, self-sealing nuts, bolts, screws, rivets and washers, all having a captive o-
21  ring, for use in the aerospace industry.  A Copy of the Certificate of Registration
22  is attached hereto as Exhibit "A" and incorporated by reference.

23  A.    Sealtite Building Fasteners Application to Register the "Sealtite"
24        Mark

25  17.    On June 2, 1996, Joe Hargis acting on behalf of Sealtite Building
26  Fasteners ("SBF or Sealtite") a division of Hargis filed an application to register
27  the trademark "Sealtite" with the PTO.  The PTO refused to register "Sealtite,"
28  however, because of the likely confusion with B&B's trademark "Sealtight®."

1 Hargis did not challenge the PTO's decision, but in March 1997, Hargis filed a

2 petition to cancel B&B's registration with the Trademark Trial and Appeal Board

3 ("TTAB"), citing abandonment and, in an amended petition, priority of use.

4    18.    B&B initiated a civil action in the Federal District Court for the

5 District of Arkansas ("the Arkansas suit") and filed a motion to stay the TTAB

6 proceeding. B&B obtained a stay of the TTAB proceeding.

7    B.    The Arkansas Suit

8    19.    On June 2, 1998, B&B brought the Arkansas suit against Hargis.

9 B&B sought relief against Hargis for trademark infringement, fraud and breach of

10 contract.

11    20.    During discovery in the Arkansas suit, it was determined that

12 B&B's use of the Sealtight® mark preceded Hargis' use of the Sealtite mark by at

13 least 18 months.    In addition, during that lawsuit, Hargis unequivocally denied

14 that anyone at Hargis, or any of its affiliated entities, knew or had knowledge of

15 the existence of instances of actual confusion between B&B and Hargis products.

16    21.    At trial, Hargis untimely raised the claim that B&B's Sealtight®

17 mark was merely descriptive, rather than suggestive, and was therefore not

18 entitled to trademark protection. Although B&B's amended complaint alleged

19 several causes of action including trademark infringement under the Lanham Act,

20 15 U.S.C. § 1117, B&B voluntarily dismissed the common law actions at the

21 close of evidence, and only the Lanham Act claim proceeded to the jury.

22    22.    After several hours of deliberations, the jury returned an 11-1

23 verdict finding that the Sealtight® mark was descriptive and that no secondary

24 meaning had been established as of the date of the verdict. However, the jury did

25 not decide: (1) whether the use of "Sealtite" created a likelihood of confusion

26 with the Sealtight® mark; or (2) the amount B&B had been damaged by Hargis'

27 infringement. In addition, the jury did not decide, nor could they have decided,

28 whether secondary meaning had been established from the date of the verdict

1  through the present time. A judgment of dismissal was then entered by the
2  District Court. The District Court, however, did not order cancellation of the
3  Sealtight® registration nor was such a cancellation requested by Hargis.

4    23.    B&B appealed the jury verdict to the United States Court of Appeals
5  for the Eighth Circuit, on the grounds that the District Court's jury instructions
6  regarding descriptiveness were prejudicial. The Eighth Circuit affirmed the
7  verdict. Then, after the appeal to the Eighth Circuit, Hargis reopened the TTAB
8  cancellation proceeding. The TTAB initially granted Hargis' petition to cancel the
9  Sealtight® registration, and then upon reconsideration, dismissed petition and
10 reinstated the Sealtight® mark. In dismissing the petition, the TTAB determined
11 that Hargis had not timely raised the claim of descriptiveness, and was therefore
12 barred from doing so, and further determined that the TTAB was not bound by
13 the decision by the District Court.

14   24.    The TTAB reinstated the Sealtight® mark on the Principal Register
15 of the United States Patent and Trademark Office and the Sealtight® mark
16 remains on the Principal Register of the United States Patent and Trademark
17 Office to the present date. In addition, the Sealtight® mark has met the
18 requirements for and is entitled to status as an incontestable mark.

19   C.    Defendant's Acts of Infringement and Unfair Competition

20   25.    Defendant's began using the Sealtite name and Sealtite.com long
21 after B&B's first common law use of the Sealtight® mark throughout the United
22 States. Defendants have used and are using Sealtite in connection with its line of
23 fasteners, including, without limitation, self-piercing and self-drilling metal
24 screws with a rubber washer.

25   26.    The goods advertised, offered for sale and sold by Defendants and in
26 connection with Sealtite are very similar in appearance and function to those
27 offered by B&B in connection with its Sealtight® mark.

28 ///

27.    Defendant has used and is using Sealtite in connection with a fastener product line via; *inter alia*, the Internet in the jurisdiction of this Court and in interstate commerce.

28.    The conduct of the Defendants, as set forth above has confused and continues to confuse, mislead and deceive consumers, the trade and the relevant purchasing public, and will continue to confuse, mislead and deceive consumers, the trade and the relevant purchasing public into wrongly believing that Hargis' business, products and web sites are affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with B&B, and/or that B&B is the source of such business, products and web site (forward confusion). Moreover, the conduct of the Defendants, as set forth above has confused and continues to confuse, mislead and deceive consumers, the trade and the relevant purchasing public, and will continue to confuse, mislead and deceive consumers, the trade and the relevant purchasing public into wrongly believing that B&B's business, products and web sites are affiliated with, connected with, associated with, sponsored by, endorsed by, administered by, supervised by, or otherwise connected with Hargis, and/or that Hargis is the source of such business, products and web site (reverse confusion)

29.    Plaintiff B&B has not licensed, authorized or otherwise consented to Defendant's foregoing use of Sealtite.

## COUNT ONE

## TRADEMARK INFRINGEMENT

30.    Plaintiff B&B incorporates the allegations set forth in paragraphs 1 through 29 of this Complaint, as if fully rewritten herein.

31.    B&B is the owner of the Sealtight® mark. As a result of B&B's extensive use and promotion of its Sealtight® mark, B&B has built up and owns valuable goodwill which is symbolized by the Sealtight® mark. The purchasing public has come to associate the Sealtight® mark with B&B as the source of

1  B&B's products. The Sealtight® mark is distinctive and has attained
2  incontestability status.

3      32.     Long subsequent to B&B's adoption and first use of the Sealtight®
4  mark, Defendants began using Sealtite and Sealtite.com in the advertisement,
5  promotion and marketing of their products.

6      33.     The marks used by the defendants are virtually identical, and are
7  confusingly similar (forward confusion and/or reverse confusion), to the marks
8  that are used by B&B. Defendants have distributed and otherwise used these
9  marks in the course of their business activities.

10      34.     Defendants' use of Sealtite and Sealtite.com has caused and is likely
11  to continue to cause confusion (forward confusion and/or reverse confusion),
12  mistake, and deception among the consuming public, including, without
13  limitation, customers common to both B&B and Hargis. On March 10, 2006, after
14  having unequivocally denied the existence of actual confusion, Hargis conceded
15  that Fastenal, a customer common to both B&B and Hargis, had repeatedly
16  attempted to purchase B&B products from Hargis for a considerable period of
17  time. Hargis earlier characterized Fastenal as a sophisticated consumer, incapable
18  of being confused.

19      35.     Defendants are the manufacturers and distributors of fasteners and
20  related goods and at all times herein mentioned, have been and continue to be in
21  direct and/or indirect competition with B&B throughout the United States,
22  including, without limitation, in the California market, including the Central
23  District of California.

24      36.     B&B has requested that Defendants cease and desist from the actions
25  set forth above, but the Defendants have failed and refused, and continue to fail
26  and refuse, to do so.

27      376.     As a direct and proximate result of the advantage accruing to
28  Defendants' business from B&B's extensive advertising, sales and consumer

1  recognition, and as a proximate result of the confusion, deception, and mistake
2  caused by Defendants' wrongful acts as herein alleged, Defendants have made
3  substantial sales and profits.

4      38.     As a direct and proximate result of the advantage accruing to
5  Defendants' business from B&B's extensive advertising, sales and consumer
6  recognition, and as a proximate result of the confusion, deception, and mistake
7  caused by Defendants' wrongful acts as herein alleged, B&B has been deprived of
8  substantial sales of its services, and its trademarks, service marks, and reputation
9  have been and continue to be damaged.

10     39.     Defendants' activities constitute trademark and service mark
11 infringement   in violation of 15 U.S.C. sections 1114(a).

12     40.     Defendants' activities infringe B&B's rights under the common
13 law.

14     41.     Defendants' activities as set forth above are greatly and irreparably
15 damaging to B&B, and will continue to damage B&B unless restrained by this
16 Court, and, therefore, B&B is without an adequate remedy at law. Continuing
17 infringing actions by Defendants are likely and a multiplicity of suits will be
18 necessary unless further infringing actions by Defendants' are enjoined, and
19 accordingly, B&B has an inadequate remedy at law.

20     42.     As a direct and proximate result of Defendants actions, as alleged
21 herein, B&B has been damaged in an amount presently unknown, but to be proven
22 at the time of trial.

23     43.     B&B has incurred costs and attorneys' fees in bringing this action.

24                              **COUNT TWO**
25               **VIOLATION OF LANHAM ACT SECTION 43(A)**
26          **UNFAIR COMPETITION UNDER UNITED STATES LAW**

27     44.     Plaintiff B&B incorporates the allegations set forth in paragraphs 1
28 through 43 of this Complaint as if fully rewritten herein.

1   45.   Defendants' conduct constitutes unlawful, unfair, and fraudulent
2   business practices in violation of Lanham Act Section 43(a), U.S.C. Section
3   1125(a).

4   46.   In connection with the matters alleged herein, Defendants' have been
5   guilty of fraud, oppression, malice and Plaintiff B&B is therefore entitled to
6   exemplary damages in an amount to be shown at trial.

7   ## COUNT THREE

8   ## TRADEMARK DILUTION

9   47.   Plaintiff B&B incorporates the allegations set forth in paragraphs 1
10  through 45 of this Complaint as if fully rewritten herein.

11  48.   Defendants' wrongful acts as set forth herein have injured and are
12  likely to continue to injure the business reputation of B&B and dilute the
13  distinctive quality of the Sealtight® mark, in violation of section 14330 of the
14  California Business and Professions Code.

15  49.   Upon information and belief, Defendants' activities have caused, and
16  unless enjoined by this Court will continue to cause, irreparable injury and other
17  damage to Plaintiff's business, reputation and good will in its Sealtight® mark.
18  Plaintiff has no adequate remedy at law.

19  ## COUNT FOUR

20  ## UNFAIR COMPETITION UNDER CALIFORNIA LAW

21  50.   Plaintiff B&B incorporates the allegations set forth in paragraphs 1
22  through 49 of this Complaint as if fully rewritten herein.

23  51.   Defendants' conduct as stated herein constitutes unlawful, unfair, and
24  fraudulent business practice and competition and an infringement of Plaintiff's
25  common law trademark rights in the Sealtight® mark in violation of the California
26  Business and professions Code, Section 17200, et seq.

27  52.   In connection with the matters alleged herein, Defendants' wrongful
28  and infringing activities have caused, and unless enjoined by this Court will

1  continue to cause, irreparable injury and other damage to Plaintiff's business,
2  reputation and good will in its Sealtight® mark.  Plaintiff has no adequate remedy
3  at law.

4      53.     Defendants have been guilty of fraud, oppression, and malice and
5  Plaintiff B&B is therefore entitled to exemplary damages in an amount to be
6  proved at trial.

7                              **COUNT FIVE**

8      **FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)**

9      54.     Plaintiff B&B incorporates the allegations set forth in paragraphs 1
10  through 53 of this Complaint as if fully rewritten herein.

11      55.     Upon information and belief, Defendants have used the Sealtite mark
12  in connection with fasteners, including, without limitation, self-drilling and self-
13  tapping screws and other products in interstate commerce.  Said use of the Sealtite
14  mark is a false designation of origin, a false or misleading description and
15  representation of fact which is likely to cause confusion and to cause mistake, and
16  to deceive as to the affiliation, connection or association of Defendants with
17  Plaintiff. In addition, said use of the Sealtite mark has caused and is likely to
18  continue to cause confusion and mistake, namely that Defendants' products have
19  been sponsored or approved by Plaintiff, when in fact they have not.

20      56.     Upon information and belief, Defendants' wrongful activities have
21  caused, and unless enjoined by this Court will continue to cause, irreparable injury
22  and other damage to Plaintiff's business, reputation and good will in its Sealtight®
23  mark.  Plaintiff has no adequate remedy at law.

24
25
26  ///
27  ///
28  ///

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff B & B prays for relief as follows:

3    1.    That the Court find that the Defendants' acts constitute infringement
4  of the Sealtight® mark under § 32 of the Lanham Act, which acts have damaged
5  and will continue to damage B&B;

6    2.    That the Court find that Defendants' acts constitute unfair
7  competition under §43(a) of the Lanham Act, which acts have damaged and will
8  continue to damage B&B;

9    3.    That the Court find that Defendants' acts constitute trademark
10  dilution under §43(a) of the Lanham Act, which acts have damaged and will
11  continue to damage B&B;

12    4.    That the Court finds that Defendants acts constitute unfair
13  competition under Cal. Bus. Prof. Code § 17200 et seq., which acts have damaged
14  and will continue to damage B&B;

15    5.    The Defendants, their officers, agents, servants, employees,
16  representatives, and attorneys, and all persons in active concert, privity or
17  participation with them be preliminary and permanently enjoined by this Court:

18        a.    from using or registering the name Sealtight®, any confusingly
19  similar or colorable variations thereof, including, but not limited to, the "Sealtite"
20  name and/or Sealtite.com, either alone or in combination with other words,
21  symbols, components, or the like as a service mark, trademark, trade name
22  component, and/or domain name or otherwise to market, advertise or identify
23  B&B's products and services;

24        b.    from otherwise infringing or diluting the Sealtight® mark and
25  any confusing variations thereof; and

26        c.    from unfairly competing with B&B in any manner whatsoever;
27    6.    That Defendants be required to account to Plaintiff for Defendants'
28  profits and the actual damages suffered by Plaintiff as a result of Defendants' acts

1  or infringement, false designation of origin, unfair competition, and unfair and
2  deceptive trade practices, together with interest, and that Plaintiff's recovery be
3  trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and
4  California Business and Professions Code, Section 17200, et seq.

5       7.     That Defendants be ordered to surrender for destruction within five
6  days of the date of the entry of an Order for a permanent injunction, all name-
7  plates, labels, advertisements, and other materials incorporating or reproducing the
8  infringing Sealtite trademark in its possession, custody or control or in the
9  possession, custody or control of its agents, representatives, and all those in active
10 concert or participation with any of them, which bear the "Sealtite" name,
11 Sealtite.com, and/or any colorable imitations or confusingly similar variations
12 thereof;

13      8.     That Defendants' be compelled to pay Plaintiff's attorney's fees,
14 together with costs of this suit, pursuant to Section 35 of the Lanham Act (15
15 U.S.C. § 1117);

16      9.     That Defendants be ordered to perform corrective advertising to
17 alleviate the confusion and other harmful effects caused by Defendants' illegal
18 acts;

19      10.    That Defendants pay Plaintiff B&B punitive damages for their
20 intentional and willful conduct.

21      11.    For such other and further relief as may be just and equitable.

22
23 DATED:    July 3, 2006        FOLEY BEZEK BEHLE & CURTIS, LLP

24
25                     By:   _____
26                           ROGER N. BEHLE, JR., ESQ.
27                           Attorneys for Plaintiff
                             B&B HARWARE, INC.
28

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3.4.10.1,

3   Plaintiff hereby demands a jury trial in this matter.

4

5   DATED: July 3, 2006                    FOLEY BEZEK BEHLE & CURTIS, LLP

6

7                                          By:

8                                              ROGER N. BEHLE, JR. ESQ.
                                               Attorneys for Plaintiff
9                                              B&B HARWARE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 6

Prior U.S. Cl.: 13

Reg. No. 1,797,509

**United States Patent and Trademark Office**   Registered Oct. 12, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## SEALTIGHT

BOGATZ, LARRY JOSEPH (UNITED STATES CITIZEN), DBA B&B HARDWARE
11 CORONADO COVE
MAUMELLE, AR 721136101

FOR: THREADED OR UNTHREADED METAL FASTENERS AND OTHER RELATED HARDWARD; NAMELY, SELF-SEALING NUTS, BOLTS, SCREWS, RIVETS AND WASH-ERS, ALL HAVING A CAPTIVE O-RING, FOR USE IN THE AEROSPACE INDUSTRY, IN CLASS 6 (U.S. CL. 13).

FIRST USE 5-2-1990; IN COMMERCE 5-5-1990.

SER. NO. 74-056,236, FILED 5-7-1990.

BLAINE T. KUSER, EXAMINING ATTORNEY