IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| B&B HARDWARE, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:06CV01654 SWW |
| | * | |
| HARGIS INDUSTRIES, INC., ET AL., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**Order**

On May 12, 2010, the Court granted defendant's motion to file an amended answer, which added counterclaims, including ones involving the alleged use of defendant's photographs on plaintiff's website.[1] Plaintiff moves for reconsideration, arguing that it will suffer prejudice if forced to try the copyright and unfair competition-related claims because one of its key witnesses is overseas and refuses to cooperate with plaintiff's attempts to get information from him. Plaintiff also argues that mixing trademark claims with the unrelated photograph claims that are based on copyright and unfair competition will confuse and prejudice the jury. Plaintiff asks the Court to deny defendant leave to file an amended answer that includes the counterclaims relating to the photographs or, in the alternative, to bifurcate the claims.

In response, defendant asserts that plaintiff's website first was produced to it in discovery on March 1, 2010,[2] and on March 9, it defendant deposed plaintiff's co-owner, Larry Bogatz,

---

[1] Defendant states its counterclaim refers to the site sealtightcf.com which plaintiff posted online in February 2010 and produced to defendant in discovery on March 1, 2010.

[2] In the Order plaintiff asks the Court to reconsider, the Court stated plaintiff first produced discovery regarding the new website in February 2010 when, in fact, the website pages were produced in March 2010.

about the new website and the images used on the website.  Defendant takes issue with plaintiff's statement that it had no notice that defendant planned a counterclaim related to the photographs until after it deposed defendant's employees in mid to late March, and did not have time to conduct discovery before the April 26 discovery cut-off date.  Defendant asserts it posed a number of question to Bogatz on March 9 about whether plaintiff lifted images from defendant's website and who made the photographs that appeared on plaintiff's website, plaintiff deposed a number of defendant's employees, including its owner later in the month, and chose to depose two of defendant's experts after the discovery deadline, both of whom discussed the questionable circumstances of the new website in their reports.

As to plaintiff's assertion that its website designer will not cooperate regarding the photograph claims, defendant argues plaintiff fails to say what specific information it might expect to obtain from the company that would help in its defense.  Defendant further argues that the claims should not be bifurcated because plaintiff's alleged conduct with regard to the website is relevant to defendant's defense of plaintiff's claims.

The Court finds the motion [docket entry 115] should be and is hereby denied.                .

Also before the Court is plaintiff's motion to strike defendant's expert witness and prohibit the introduction of her report and testimony, arguing that her report focuses on what she believes the law to be and how she thinks the jury should decide the case.  Defendant responded in opposition to the motion.

The Court has reviewed the relevant pleadings and exhibits and finds that the motion should be denied at this time.  The Court intends to allow Richard's testimony and report as to the practices and procedures in the United States Patent and Trademark Office to the extent it will

assist the jury in understanding the history of this case and will provide helpful background information for the jury. The Court does not intend to permit expert testimony or admission of Richard's report addressing other issues which appear to be more in the nature of legal argument and conclusions. Plaintiff retains the right to object to the admission of her testimony in whole or in part at trial.

SO ORDERED this 27th day of May, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE