IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| B&B HARDWARE, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:06CV01654 SWW |
| | * |
| HARGIS INDUSTRIES, INC., d/b/a | * |
| SEALTITE BUILDING FASTENERS, | * |
| ET AL., | * |
| | * |
| Defendant. | * |

ORDER

Before the Court is a bill of costs filed by defendant Hargis Industries, Inc. ("Hargis") in the amount of $88,032.42. B&B Hardware, Inc. ("B&B") filed objections and Hargis filed a reply to B&B's objections.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). *See also Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002)(when an expense such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure'")(quoting *In rePaoli R.R. Yard PCB Litig.,* 221 F.3d 449, 468 (3rd Cir. 2000)). "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id. See also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007)("A prevailing party is presumptively entitled to recover all of its costs. The losing party bears the

burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion")(internal quotations and citations omitted).

B&B first challenges Hargis' request for fees for service of summons and subpoena by a private process server.[1]  The Court declines to award $180.00 because these costs are not taxable under 28 U.S.C. § 1920.  *See Platte River Ins. Co. v. Baptist Health,* 2009 WL 2044610, *2 (E.D.Ark. July 10, 2009)(cost of private process services are not taxable as costs under 28 U.S.C. § 1920).

Hargis seeks fees for both the videotape and written transcript for several witnesses, and for condensed or e-transcripts for several witnesses.[2]  B&B argues that 28 U.S.C. §1920(2) as amended in October 2008, allows a party to recover costs for only one or the other, not both.  *See Chism v. New Holland North America, Inc.,* 2010 WL 1961179 *5 (E.D.Ark., May 13, 2010)(amendment to section 1920 disallows reimbursement for both printed and video transcripts).  Section 1920(2) provides costs may be awarded for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."[3]  The Court finds that the 2008 amendment recognizes that depositions can be recorded by both stenographic and non-stenographic means.  The Court does not interpret the amendment as meaning a party cannot recover costs for both.  *See Ramonas v. West Virginia University Hospitals-East, Inc.,* 2010 WL 3282667, at *8 (N.D.W.Va. Aug. 19, 2010) ("In order for a party to recover for *both* transcription

---

[1] *See* Def's. Bill of Costs, Ex. A, l 34-35.

[2] *Id.* at l 1-7, 9, 13.

[3] Prior to the amendment, § 1920(2) read: "Fees of the court reporter for all or any part of the stenographic transcript."

and videotaping costs-the prevailing party must show that both the transcript and video were 'necessarily obtained for use in the case'"); *Nilesh Enter., Inc. v. Lawyers Title Ins. Corp.,* 2010 WL 2671728, at *3 (W.D.Tex. July 1, 2010)(where requesting party showed that deposition transcript reasonably obtained for use at trial and the video was presented to jury at trial, both were recoverable costs); *Farnsworth v. Covidien, Inc.,* 2010 WL 2160900 , at *2 (E.D.Mo. May 28, 2010)(costs for both videotaping and transcription of depositions awarded, finding "it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication.")

 B&B argues that the Court should disallow the video deposition costs for Larry and Diana Bogatz, co-owners of B&B, and Joe Hargis, Bruce Crouch, Dave Quehl, and Tommy Hulsey, all employees of Hargis,[4] and the costs of $165 for condensed or e-transcripts for Larry Bogatz, Crouch, Quehl, and George Moran, an expert witness for Hargis.  Hargis submits it was necessary to videotape the deposition of Larry and Diana Bogatz for potential use at trial.  At the time of the depositions and based on the history with B&B,  Hargis argues it was reasonable to assume that it likely would use the videotaped depositions to impeach the Bogatzes or their witnesses, and videotapes are much more effective in communicating to the jury at trial than a written deposition.  Hargis says it purchased the other videotaped depositions (Crouch, Hargis, Quehl, and Hulsey) to assess the witnesses on camera and to prepare for potential cross examination at trial.  Hargis also says it had a good faith belief to expect that the videos in question would be

---

[4]The deposition transcript costs for Diana Bogatz are not broken out in the invoice, which includes costs for other persons deposed on the same days.  *See* Bill of Costs, Ex. B at 14-15. The invoice amounts shown for Quehl, Hulsey, and Hargis include both written and video deposition costs.  *Id.* at 10-12.

used at trial. Hargis asserts condensed transcripts provide an easier, faster, and more convenient way to reference the deposition transcript, thus reducing fees and costs in pre-trial preparation.

In addition to trademark infringement litigation generally being complex, the litigation between these parties has a long and tortuous history. Hargis was defending against B&B's claims for damages of over twenty million dollars and prosecuting counterclaims as well. The Court finds, based on the facts and circumstances present in this case, that both the videotaped and printed transcripts were necessarily obtained for use in this case. *See Merck Sharp & Dohme Pharmaceuticals, SRL v. Teva Pharmaceuticals USA, Inc.,* 2010 WL 1381413, *4 (D.N.J. March 31, 2010)(costs allowed for both printed and electronically recorded transcripts in complex and high stakes patent infringement case where "a party has an obligation to conduct thorough pretrial discovery"). The Court further finds that the condensed/e-transcript costs should be and are allowed.

B&B challenges Hargis' request for reimbursement of transcripts of trial testimony during trial and costs for a transcript of a hearing held on July 17, 2007,[5] asserting Hargis has come forward with no reason why they were necessary. Hargis claims the costs were necessarily obtained for use in the case.[6] Because B&B fails to overcome the presumption that Hargis is entitled to these costs, the Court will allow them.

B&B contends Hargis is not entitled to copy costs for document production in discovery. *SeePlatte River,* 2009 WL 2044610 at *3 ("[c]osts incurred in copying documents to be produced during discovery are not taxable as costs under § 1920"). In response, Hargis states the $3,497.76

---

[5] *See* Bill of Costs, Ex. A at l 11-12, 63.

[6] *Id.* at 5.

invoice it presents is what it had to pay in order to receive B&B's production, not copy costs incurred for documents to be produced during discovery by Hargis. The Court will allow these copying costs.[7] B&B also challenges Hargis' request for $2,674.75 incurred in-house for copies of documents made since July 31, 2009, including correspondence between the parties, discovery, pleadings, and document production.[8] B&B asserts there is no evidence these copies were used at trial or were otherwise necessary for the case. The Court finds B&B has not carried its burden to show the award of these costs is inequitable.

B&B contests the $37.56 Hargis paid to a private company to obtain a copy of the complaint B&B filed against Hargis in California.[9] The Court will allow the costs. Unlike in *Platte River, supra*, there is no assertion that Hargis already had a copy of the document.

B&B challenges the requested $61,361.31 in expert witness fees, particularly the $52,333.31 for Molly Richards and George Moran, who did not testify at trial.[10] "The traditional rule under 28 U.S.C. § 1821 has been to limit recovery for expert witness fees to the statutory allowances for attendance, mileage, and subsistence. This Court has awarded expert witness fees, however, under Fed.R.Civ.P. 54(d) if, after carefully scrutinizing the prevailing party's bill of costs, the district court determines that the expert's testimony was crucial to the issues decided and the expenditures were necessary to the litigation." *Nebraska Public Power Dist. v. Austin Power, Inc.,* 773 F.2d 960, 975 (8th Cir. 1985)(citations omitted).

---

[7] *Id.* at l 21.

[8] *Id.* at l 33.

[9] *Id.* at l 16.

[10] *Id.* at ll 23-25; 27-29; Ex. B at ll 76-82; 86-90.

Hargis argues that the testimony of Steve Henderson, who testified about B&B's construction fastener website and opined that B&B copied the photos of fasteners from Hargis' website, was critical to Hargis' defense and the prosecution of its counterclaim.  Ms. Richards was retained for the purpose of explaining the practice and procedure of the TTAB in the event B&B was successful in having the TTAB opinions admitted into evidence.  Hargis explains Moran, a professional engineer and professor of marketing, was retained to testify on the lack of competitive proximity between the parties and the absence of any likelihood of confusion.  Due to the progress of the case and the manner in which the case had developed before the jury, Hargis said it decided not to call either expert.  Their assistance, Hargis argues, was critical in the overall defense of the case.  The Court finds this is an exceptional case and the experts were crucial to the issues decided. Therefore, the Court will award costs for Hargis' expert witnesses.

Lastly, B&B urges the Court to disallow Hargis' request for witness fees and costs "to some extent."  The Court has reviewed the witness fee computation attached by Hargis to its Bill of Costs and finds the amounts sought are authorized under 28 U.S.C. § 1821.

IT IS THEREFORE ORDERED that defendant's motion for bill of costs [docket entry 210] is granted.  Hargis is awarded fees in the amount of $ 87,852.42.

DATED this 9th day of September, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE