IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**B&B HARDWARE, INC.**                                                                         PLAINTIFF

VS.                            Case No. 4:06-CV-01654 SWW

**HARGIS INDUSTRIES, INC. d/b/a
SEALTITE BUILDING FASTENERS,**                                              DEFENDANTS
**ET AL**

### DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION IN AID OF JUDGMENT AND ANSWERS TO DEPOSITION QUESTIONS

Defendant, Hargis Industries, LP ("Hargis"), for its Motion to Compel Responses to Requests for Production in Aid of Judgment, and to Compel Answers to Deposition Questions, states as follows:

**I.     RESPONSES TO REQUESTS FOR PRODUCTION**

1.     Hargis served its Requests for Production in Aid of Judgment ("the Requests") on Plaintiff--now judgment debtor--B&B Hardware, Inc. ("B&B") on November 9, 2010. A copy of the Requests is attached as Exhibit "A."

2.     On December 14, 2010, B&B served its Responses to the Requests, which contained multiple objections. A copy of the Responses is attached as Exhibit "B."

3.     In Request for Production No. 1 of the Requests, Hargis requested production of "[a]ll income tax and any other tax returns, in their entirety, filed by or on behalf of B&B for the "relevant time period," which was defined to be January 1, 2006 through the date the documents requested are produced by B&B in timely response to the Requests.

1

4. In its Response to Request for Production No. 1, B&B objected to the request in general by stating that the tax returns were "confidential and private," and further objected to production of any tax returns "farther back than 12 months" on the ground that any such tax returns prior to that period were "not reasonably calculated to lead to the discovery of admissible evidence." B&B thus refused to produce the tax returns for years 2006 and 2007.

5. In Request for Production No. 6 of the Requests, Hargis requested production of "[a]ll documents…that pertain to any and all accounts…in which B&B has an interest or has had an interest for the relevant time period. This includes, but is not limited to, cancelled checks, bank statements, deposit slips, counter drafts or withdrawals, and the envelopes, if retained, in which B&B receives such bank statements."

6. In its Response to Request for Production No. 6, B&B objected to the request in general by stating that the requested information was "confidential," and further objected to production of any documents "farther back than 12 months" on the ground that any such documents were "not reasonably calculated to lead to the discovery of admissible evidence." B&B then stated that "B&B participates in a paperless banking program, so documents responsive to request No. 6 do not exist."

7. In its Requests, Hargis defined "Documents" as "all written, printed, graphic, or electronic matter of any kind…." Furthermore, F.R.C.P. 34(a)(1)(A) allows the discovery of "any designated documents or electronically stored information."

8. On December 16, 2010, Hargis took the 30(b)(6) deposition of B&B, at which B&B produced Larry Bogatz as its sole, designated witness. Mr. Bogatz testified that B&B's bank statements are readily available to B&B through Bank of America's website. Mr. Bogatz claimed that he did not believe he had to produce the bank statements because they were not

printed off in paper form, and thus he would be "creating" documents if he did so. The relevant deposition testimony is attached as Exhibit "C", pp. 52-55.

9. On February 28, 2011, counsel for Hargis emailed a letter to counsel for B&B addressing deficiencies in B&B's responses, including the Responses to Requests for Production Nos. 1 and 6, and the refusal of Mr. Bogatz to answer certain deposition questions (see below). A copy of the letter is attached as Exhibit "D."

10. On March 17, 2011, counsel for B&B emailed a letter to counsel for Hargis attaching "information that I received today from B&B in response to your letter dated February 28, 2011." Included with the letter was what appeared to be supplemental responses as to the items addressed in the February 28 letter; however, these "responses" have no style or title, and were not signed by anyone. It is believed, though not confirmed, by Hargis that these "responses" were drafted by Larry Bogatz. A copy of the letter together with the "supplemental responses" is attached as Exhibit "E."

11. As to Request for Production No. 1, the "supplemental responses" maintained B&B's refusal to produce any tax returns other than the 2008 and 2009 returns, and included a new objection that "anything prior to Hargis becoming the judgment creditor is not relevant to the collection of the judgment in this case." The 2009 return likewise has not been produced on the alleged ground that it has not yet been filed with the IRS, even though all lawful extension periods have long since passed.

12. As to Request for Production No. 6, the "supplemental responses" maintained B&B's refusal to produce the bank statements, and included a new objection that any further information beyond the identity of the bank and the account numbers was "not reasonably calculated to lead to the discovery of admissible evidence, and is not relevant to the collection of the judgment in

this case."

13. The objection to production of the returns for tax years 2006 and 2007 is patently frivolous. As a judgment creditor, Hargis is clearly entitled to this information for the purpose of ascertaining the trends of B&B's income and financial position over time, and the assets it has reported over time, so that Hargis may determine, among other things, whether fraudulent transfers have been made out of the corporation. B&B claims not to have any assets or funds, yet continues to finance the appeal of the underlying judgments in this case, including payment of the appeal filing fees and $10,000.00 to B&B's appellate attorney. B&B also continues to finance the prosecution of its action against Fastenal in the Eastern District of Arkansas.

14. Furthermore, the new objection that Hargis is not entitled to discover any tax returns prior to the time it obtained the status of B&B's judgment creditor, aside from the fact that it was not timely and thus automatically waived,[1] is contradicted and waived in fact by B&B's production of the 2008 tax return. Looking past the waiver, this objection is patently frivolous and nonsensical.

15. Hargis requests that the Court enter an Order compelling B&B to provide its corporate tax returns for tax years 2006, 2007, and 2009, and for B&B to produce all documents -- whether existing in paper form or otherwise – responsive to Request for Production No. 6, including, but not limited to, bank statements from 2006 through the date of the Order.

16. Hargis reserves the right to further move to compel responses to its Requests.

## II.   30(b)(6) DEPOSITION QUESTIONS

17. On November 9, 2010, Hargis served on B&B a Notice to Take Oral Deposition of B&B Hardware, Inc. in Aid of Judgment with Duces Tecum ("the Notice"). A copy of the Notice is attached as Exhibit "F."

---

[1] *See Dunlap v. Mid-Coast Little Rock*, 166 F.R.D. 29, 30 (E.D. Ark. 1995).

18. Exhibit A to the Notice listed the subject areas of deposition examination in accordance with F.R.C.P. 30(b)(6), including Item 1: information pertaining to the assets, properties, liabilities, income, debts and financial status and affairs of B&B; and Item 16: Transfers of money, real property, or other personal property from B&B during the relevant time period.

19. B&B produced Larry Bogatz for examination pursuant to the Notice, and he was asked whether the company had ever paid salaries to either him or his wife. Mr. Bogatz answered that B&B last paid salaries to them "about six years ago." (see Exhibit "C", p. 18). Mr. Bogatz was further asked whether in the years since B&B stopped paying him a salary he had held any other job or occupation, or obtained any other source of income outside of B&B. Mr. Bogatz' response was that he had held no other job, and that the only other sources of income were from a book he and his wife had written (which Mr. Bogatz said earned "about $1,000"), and a house they sold for "like $20,000." (*Id.*, pp. 19-20). Mr. Bogatz was then asked how he had made a living since he stopped drawing a salary from the corporation, to which he responded that he and his wife "had received loans personally." (*Id.*, p. 20). When asked who made these loans, Mr. Bogatz refused to answer, although his attorney would not instruct him not to answer (*Id.*, pp. 21-30). Mr. Bogatz stated that his only two reasons for refusing to answer the question were (1) that he believed the question was beyond the scope of the 30(b)(6) notice, and (2) he did not want to involve the people who made the loans in the litigation.

20. Mr. Bogatz was asked at another point in the deposition about the sources of B&B's operating capital, to which Mr. Bogatz responded that the primary source has been loans from shareholders (*see* Exhibit "C", pp. 115-116). When asked where the ability of the shareholders to make loans to the corporation came from, Mr. Bogatz refused to answer, citing the same

5

objection to revealing the names of the individuals who had loaned him and his wife money (*Id.*, pp. 121-126).

21. The questions regarding the identity of the individuals who made these alleged loans is relevant for at least two reasons. First, Hargis is entitled to fully probe the question of whether transfers out of B&B have occurred, and given that Mr. Bogatz essentially testified that the loans were his family's only significant source of income over the last six years, Hargis is entitled to determine whether that is indeed the case, as it is possible that non-disclosed transfers out of B&B to Mr. and Mrs. Bogatz have occurred. The fact that Mr. Bogatz refused to reveal the identity of the individuals could indicate that the testimony is an untruthful attempt to fabricate a source of sustenance when, in fact, transfers out of the corporation have provided sustenance over the last six years. Thus Hargis is entitled to discover the identities of these individuals so it may verify Mr. Bogatz' testimony that their primary source of sustenance has been these loans. Second, Mr. Bogatz testified that the loans were made to the Bogatzes, and that loaned funds were then, in turn, loaned by the Bogatzes to the corporation. When coupled with Mr. Bogatz' testimony that loans from shareholders were a primary source of operating capital for B&B, Hargis is entitled to discover this information so that it may determine the veracity of the testimony. If it is not the case, then such could indicate that B&B is concealing assets owned by it as a source of operating capital, and that Mr. Bogatz gave untruthful testimony about the loaned funds being used to fund B&B's operations in order to maintain concealment of these hidden assets.

22. In any event, the two reasons asserted by Mr. Bogatz for his refusal to answer the questions on behalf of B&B are not valid grounds to refuse to answer a deposition question under F.R.C.P. 30(c)(2), which only allows the deponent not to answer in order "to preserve a

privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) (to terminate or limit the deposition)." None of these three are applicable.

23. The identity of the individuals making the asserted loans is not privileged, is directly relevant to Hargis' attempts to collect its judgments, and is certainly within the scope of permissible discovery under F.R.C.P. 26 and F.R.C.P. 69(a)(2) (providing that in aid of the judgment or execution the judgment creditor may obtain discovery from the judgment creditor "as provided in these rules....").

24. Hargis requests that the Court enter an Order compelling B&B to answer these questions and provide the identity of the person or persons who have allegedly made such loans, in addition to other questions which Hargis may pose with regard to the loans, including but not limited to the amount of the loans.

25. Hargis respectfully requests that the Court compel B&B to appear and resume the 30(b)(6) deposition at the Allen Law Offices in Little Rock and award Hargis its costs incurred in being forced to resume the deposition due to B&B's prior refusal to answer questions.

### III.   ATTEMPTS TO MEET AND CONFER

26. In his February 28 letter attached as Exhibit "D", counsel for Hargis stated that a meet-and-confer was needed as to the matters which are the subject of this Motion, and requested that counsel for B&B let Hargis counsel know when she was available the following week.

27. The only response to the February 28 letter by B&B counsel was the March 17 letter attached as Exhibit "E", which included the "supplemental responses" believed to be drafted by Larry Bogatz.

28. Upon receiving the March 17 letter by email, counsel for Hargis emailed counsel for B&B back and asked if the "supplemental responses" were B&B's "final response," such that a

meet-and-confer would be a waste of the parties' time. Counsel for B&B responded, "I don't know the answers to your questions but will certainly try to find out from B and B." A copy of the email exchange is attached as Exhibit "G." To date counsel for Hargis has not received any further response and the Rose and Snyder firms have filed renewed motions to withdraw.

29. Hargis thus certifies that it has in good faith attempted to confer with B&B in an effort to obtain this information without the action of the Court, but believes, based upon the facts stated, that further attempts to do so would be futile.

WHEREFORE, Hargis Industries, LP dba Sealtite Building Fasteners, requests that the Court enter an Order compelling B&B to provide responses to its Requests for Production as previously stated, to appear for its 30(b)(6) deposition at the Allen Law Firm in Little Rock at a date and time determined by the Court, and to then and there fully and truthfully answer deposition questions as previously stated; that Hargis be awarded its costs and attorney fees in bringing this motion, and for all other relief to which it may be entitled.

Respectfully submitted,

*/s/Herbert A. Trey Yarbrough III*
Herbert A. Trey Yarbrough III
Bar No. 22133500
trey@yw-lawfirm.com
Debby E. Gunter
Bar No. 24012752
debby@yw-lawfirm.com
YARBROUGH ♦ WILCOX, PLLC
100 East Ferguson, Suite 1015
Tyler, Texas 75702
903/595-3111
903/595-0191 fax

-and-

H. William Allen (ABN 69001)
Brooks C. White (ABN 2000093)
ALLEN LAW FIRM
212 Center Street, 9th Floor
Little Rock, Arkansas 72201
(501) 374-7100
hwallen@allenlawfirmpc.com
bcwhite@allenlawfirmpc.com


By:___/s/ Brooks C. White_____
       Brooks C. White


Attorneys for Defendant, Hargis Industries


CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send immediate notification of such filing to B&B Hardware, Inc.'s counsel:

Kathryn Bennett Perkins, Esq.
Rose Law Firm
120 E. 4th Street
Little Rock, Arkansas 72201
kperkins@roselawfirm.com

Barry Snyder, Esq.
Snyder Law, LLP
420 S. Fairview Avenue, Suite 102
Santa Barbara, California 93117
bsnyder@snyderlaw.com


/s/ Brooks C. White_____
Brooks C. White