**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**B&B HARDWARE INC.**                                                                                **PLAINTIFF**

v.                                    **CASE NO. 4:06-CV-01654 BSM**

**HARGIS INDUSTRIES INC**                                                                      **DEFENDANT**

## ORDER

As explained below, judgment is entered for Hargis on all claims.

## I. BACKGROUND

After a five-day trial, a jury found for B&B Hardware and against Hargis Industries on B&B's claims for federal trademark infringement, false designation of origin, and unfair competition. *See* Jury Verdict at 1, Doc. No. 429. The jury found for Hargis on B&B's claim of unfair competition under California law, and found for Hargis on its counterclaims for false advertising and false designation. *Id.* at 1-2. The jury also found that Hargis's infringement was not willful, and that B&B engaged in fraud to procure its trademark registration and/or incontestability status. *Id.* at 3. Finally, the jury recommended that B&B be awarded $0 in Hargis's profits. *Id.* at 2.

## II. DISCUSSION

Although the jury found for B&B on its trademark infringement, unfair competition, and false advertising claims, the fraud finding against B&B mandates a judgment in favor of Hargis. Even if the fraud finding does not survive appeal, there is no justification to award B&B any of Hargis's profits.

A.     Fraud on the PTO Results in Judgment for Hargis

An essential element of B&B's claims is that its Sealtight mark is valid and entitled to protection. *See Gen. Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 626 (8th Cir. 1987). This can be shown in many ways, but for registered trademarks, B&B has the advantage of the Lanham Act's evidentiary benefits. *See* 15 U.S.C. § 1115.

As an initial matter, Sealtight's appearance on the Principal Register carries with it a presumption that its registration is valid and that B&B had the exclusive right to use its mark on goods free from infringement. *Id.* § 1115(a); *see First Bank v. First Bank Sys., Inc.*, 84 F.3d 1040, 1044 (8th Cir. 1996). Hargis could overcome this presumption and show that Sealtight is not entitled to protection by proving the mark is descriptive and lacking secondary meaning. *Nola Spice Designs, LLC v. Haydel Enterprises, Inc.*, 783 F.3d 527, 537 (5th Cir. 2015); *Schwan's IP, LLC v. Kraft Pizza Co.*, 460 F.3d 971, 974 (8th Cir. 2006). Indeed, Hargis showed this very situation in 2000. Jury Verdict ("2000 Verdict"), *B&B Hardware, Inc. v. Hargis Indus., Inc.*, No. 4:98-CV-00372 (E.D. Ark. May 12, 2000), Doc. No. 68; *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 252 F.3d 1010, 1013 (8th Cir. 2001) (affirming). Therefore, with registration alone, Sealtight is not entitled to protection.

Nonetheless, B&B renewed its registration and filed for incontestability. Pl. Trial Ex. 20; Doc. No. 422. Incontestability strengthened B&B's argument for protection because the status provides *conclusive* proof – not merely a rebuttable presumption – that the mark is valid and protectable. *Park n' Fly, Inc. v. Dollar Park n' Fly, Inc.*, 469 U.S. 189, 194 (1985). Since Sealtight was not incontestable during the 2000 trial, B&B was not precluded from

bringing a second suit in 2006.  *See B&B Hardware, Inc. v. Hargis Indus.*, 569 F.3d 383, 389–90 (8th Cir. 2009) (2000 judgment not preclusive because of change in circumstances).

Once B&B obtained incontestability status, Hargis could no longer argue that Sealtight lacked a secondary meaning.  *Park n' Fly, Inc.*, 469 U.S. at 194.  Instead, Hargis had to rely on one of the nine "defenses or defects" in the statute.  15 U.S.C. § 1115(b).  The jury found that Hargis proved one such defense, fraud on the PTO.  Jury Verdict at 3.  Proving this defense removes the conclusiveness associated with incontestability and downgrades its status to merely prima facie evidence of ownership.  *Park n' Fly, Inc.*, 469 U.S. at 196; *Dakota Indus. v. Bever Best Ltd.*, 28 F.3d 910, 912–13 (8th Cir. 1994).  Essentially, B&B is in the same situation it was in during the 2000 trial and left to show an entitlement to protection based on registration alone.

Without incontestability, B&B does not have a change in circumstances that allows it to escape claim preclusion because the jury in 2000 found that "Sealtight" lacks secondary meaning.  2000 Verdict at 1.  Therefore, judgment must be entered in favor of Hargis.

    B.    <u>B&B's Potential Remedies</u>

Even if B&B had been successful, B&B would have no remedy.

*1.  Injunctive Relief*

B&B sought injunctive relief enjoining Hargis from using the Sealtite mark in order to protect B&B's registered mark.  An infringement plaintiff is typically entitled to injunctive relief absent extraordinary circumstances.  *See United States Jaycees v. Cedar Rapids Jaycees*, 794 F.2d 379, 382 (8th Cir. 1986).  Injunctive relief is prospective relief to protect

Sealight's registration in the future, which is no longer possible.  *See Summers v. Earth Island Indst.*, 555 U.S. 488, 495 (2009) (injunctions prevent future harm).  Although B&B had a registered mark in 2010, Def.'s Trial Ex. 71, that registration was cancelled on October 12, 2013, Doc. No. 416.  Therefore, Sealtight is not a presently-registered mark eligible for future protection.

*2.  Disgorgement of Profits*

The jury was correct in finding that B&B is entitled to none of Hargis's profits.  The Lanham Act permits the disgorgement of a defendant's profits for trademark infringement, unfair competition, and false advertising.  15 U.S.C. § 1117(a); *but see Masters v. UHS of Del., Inc.*, 631 F.3d 364, 471 (8th Cir. 2011) (for infringement claims, proof of "willful" infringement results in disgorgement).  Disgorgement is "subject to the principles of equity," 15 U.S.C. § 1117(a), and does not follow as a matter of course after a violation.  *Sweetarts v. Sunline, Inc.*, 436 F.2d 705, 711 (8th Cir. 1971); *Minn. Pet Breeders, Inc. v. Schell & Kampeter*, 41 F.3d 1242, 1247 (8th Cir. 1994) ("[A]ll Lanham Act remedies are equitable in nature[.]").  If disgorgement occurs, the award must be to remedy unjust enrichment, for damages, or to defer infringers.  *Masters*, 631 F.3d at 471 (quoting *Minn. Pet Breeders, Inc.*, 41 F.3d at 1247).  B&B suffered no economic damages because of Hargis's use of Sealtite, so any profit award would have to be based on unjust enrichment or deterrence.

The Eighth Circuit has not identified a method for balancing the equities, although other circuits have provided factors to consider.  For example, the Third, Fourth, and Fifth Circuits consider six factors: (1) whether the defendant had the intent to confuse or deceive;

(2) whether sales have been diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting his rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of palming off. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 175 (4th Cir. 2006); *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005); *Quick Techs., Inc. v. The Sage Group PLC*, 313 F.3d 338, 349 (5th Cir. 2002); *cf. La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 343 (6th Cir. 2010). Considering these factors and how courts within the Eighth Circuit address similar situations, B&B would not be entitled to a profit award.

Factors (1), (2), and (6) weigh strongly against disgorging Hargis of its profits. First, the jury found that Hargis did not intentionally infringe on B&B's mark. Jury Verdict at 3; *but see Safco Prods. Co. v. Welcom Prods.*, 799 F. Supp. 2d 967, 996–97 (D. Minn. 2011) (lack of willfulness is not a condition precedent to recovery). Second, Hargis did not divert sales that would have gone to B&B; the companies were in different markets selling products for different purposes. Although Larry Bogatz testified that he had plans to enter into the construction fastener market (Hargis's market), those plans were preliminary and B&B never lost a sale as a result of Hargis's use of the mark. "The fact that a plaintiff had not entered the relevant marketplace when the infringement was ongoing, in combination with the fact that no sales were diverted, should weigh against an award being made." *Synergistic Int'l*, 470 F.3d at 175. Third, Hargis did not palm off its products as B&B's products, but rather used a mark that was similar to B&B's. Palming off (or passing off) occurs when a producer misrepresents his own goods and services as another's. *Dastar Corp. v. Twentieth Century*

*Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003).  Consequently, this is a trademark infringement case, not a palming off case.

Factors (3), (4), and (5) weigh just slightly in favor of disgorgement.  B&B is without another remedy.  This, however, is not because of Hargis's actions, but of its own: B&B failed to renew its registration and lost the opportunity to obtain an injunction on its own.  B&B certainly did not delay in asserting its rights.  B&B has been challenging Hargis for over twenty years and did not delay in filing this new lawsuit once its mark became incontestable.  *See* Doc. No. 2 (complaint filed forty-three days after incontestability); *Reservoir, Inc. v. Truesdell*, 1 F. Supp. 3d 598, 519 (S.D. Tex. 2014) (three-year delay was unreasonable).  Finally, the public interest is served by enforcing valid trademarks.  *See, e.g., Kuper Indus. LLC v. Reid*, 89 F. Supp. 3d 1005, 1014 (D. Neb. 2015).

It would be unfair to disgorge Hargis of its profits under unjust enrichment or deterrence rationales when B&B did not lose a single sale as a result of Hargis's actions and Hargis's infringement was unintentional.  *Cf. Masters*, 631 F.3d at 474 ("An award of monetary relief under the Lanham Act must be compensatory, not a penalty."); *Peter Kiewit Sons', Inc. v. Wall St. Equity Group, Inc.*, No. 8:10-CV-365, 2014 U.S. Dist. LEXIS 137182, at *23 (D. Neb. Sep. 29, 2014) ("The Court's primary function in making such an award is to make violations of the Lanham Act unprofitable to the infringing party.").  After weighing the factors, it is clear that an award of profits would be unjust.  Even if the jury's determination that B&B engaged in fraud to procure its trademark registration does not survive an appeal, there would be no justification in equity to disgorge Hargis of its profits

and award them to B&B.

### III. CONCLUSION

For the aforementioned reasons, judgment is entered for Hargis on all claims.

IT IS SO ORDERED this 24th day of June 2016.

_____
UNITED STATES DISTRICT JUDGE